IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FELIX PERKINS,                                                                                      PLAINTIFF

V.                                        CIVIL ACTION NO.2:08CV239-WAP-JAD

CLARKSDALE POLICE DEPARTMENT, ET AL.                    DEFENDANTS

REPORT AND RECOMMENDATION

The undersigned has reviewed the file of this case and the docket. It appears that *in forma pauperis* status should not have been granted in this action as the plaintiff had previously accumulated three strikes in this court. It also appears that the plaintiff has again failed to state a claim upon which relief may be granted.

In Civil Action No. 2:07cv139, Perkins file suit against Greg Hoskins, Ricky Bridges and Joseph Wide, all the Clarksville Police Department and one James Hollingsworth who was named as an informant. He complained of the criminal charge relating to drug sales against him. This case was dismissed on September 28, 2007, for failure to state a claim upon which relief could be granted. The order of dismissal counted that action as a strike.

In Civil Action 2:07cv 144, Perkins filed suit against his attorney in the same criminal action alleging that the attorney used racial slurs in dealing with him. This action was dismissed on September 28, 2007, for failure to state a claim upon which relief could be granted. The order of dismissal provided that plaintiff had acquired another strike for this action.

In Civil Action No. 2:07cv166, Perkins filed a complaint with a laundry list of complaints against Coahoma County Sheriff's Department including complaints of being required to use disposable cups, spoons and forks. This complaint was dismissed on October 20, 2007. It was determined to be a frivolous lawsuit and counted as a strike.

This action was filed on November 10, 2008. Thus Perkins had in fact accumulated three strikes under the Prison Litigation Reform Act and was not eligible to proceed *in forma pauperis* 28 U.S.C. §1915(g). The Prison Litigation Reform Act was enacted in April 1996. This Act provides, *inter alia*, at 28 U.S.C. § 1915(g)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

An order should be entered barring the plaintiff from filing any action *in forma pauperis* without permission of the court.

Additionally the undersigned has reviewed the complaint and finds that it fails to state a claim and should be dismissed with prejudice and counted as an additional strike. Perkins has now been convicted on the criminal charges that were the subject of earlier frivolous actions in Civil Action No. 2: 07cv139 and 2:07cv144. He accuses one of the officers of being responsible for his indictment and subsequent conviction. One officer is accused of committing perjury before the grand jury and the other officer is accused of allowing the other officer to perjure himself. The resulting harm claimed is his conviction. He has not asserted that the conviction has been set aside or reversed and is presently incarcerated in Central Mississippi Correctional Facility. Perkins' complaint challenges the validity of his conviction and incarceration. He may not proceed in the absence of the showing that the conviction has been "reversed, expunged, invalidated, or impugned." *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed. 383(1994). The undersigned therefore

recommends that the complaint in this case be dismissed with prejudice and counted as an additional strike.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 10th day of February, 2009.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE